UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MADDIN, INC.,

    Plaintiff,

v.

ALLIED INSURANCE COMPANY OF AMERICA,

    Defendant.

Case No. 2:13-CV-00827-KJD-NJK

**ORDER**

Presently before the Court is Defendant's Motion to Dismiss (#4). Plaintiff filed a response (#6), to which Defendant replied (#9).

**I. Facts**

Plaintiff entered into a commercial restaurant lease agreement with G.L. Dragon on or about December 30, 2010, for restaurant space located at 1080 S. Rampart Blvd., Las Vegas, NV. While performing tenant improvements, and continuing throughout the period of occupancy, Plaintiff began noticing a sewer odor. Plaintiff notified the landlord, who assured him that the odor was due to the fact that the premises had sat vacant. Plaintiff received numerous complaints from customers regarding the existence of the sewage smell. Plaintiff hired various professionals to determine and fix the cause of the sewage odor, to no avail. Ultimately, the existence of the sewage smell interfered

with the ongoing business operations of the restaurant, forcing the closure of the restaurant.

On or about June 7, 2012, counsel for Plaintiff sent correspondence to Defendant regarding a claim for damages under an insurance policy purchased and paid for by Plaintiff. Defendant caused an inspection to be performed at the property but the inspector could not determine the cause of the sewage smell. Defendant denied Plaintiff's claim on the basis that the sewage odor was a "pollutant," as that term is defined in the insurance policy, and constituted an excluded loss.

Subsequently, at its own expense, Plaintiff hired an engineer (John G. O'Donnell) to investigate the cause of the sewage odor. On or about November 16, 2012, Mr. O'Donnell wrote a report concluding that the sewage odor smell was not a pollutant, but an effect of a construction defect in the premises. Specifically, the report found that an 8-inch sewer main was constructed at a near flat 0.4% grade circa 1998, long before Plaintiff entered into its commercial lease. This allowed sewer gases to be released into the sewer lateral and then into and around the restaurant leased by Plaintiff. Pursuant to plans dated October 21, 2001 and 2005, respectively, a grease trap and waste line combine prior to entering into a common 6-inch sewer lateral, which then connects to the 8-inch sewer main in the street. The 6-inch lateral has a grade of 21% that allows wastewater to become turbulent and release gases into and around the building. Mr. O'Donnell's report was provided to Defendant by letter, dated February 11, 2013, along with Plaintiff's renewed claim.

Plaintiff has asserted claims against Defendant for breach of contract and bad faith. Plaintiff entered into a contract with Defendant whereby Defendant agreed to insure Plaintiff's business, including coverage against business interruption. Plaintiff asserts that it has fulfilled all requirements set forth in the insurance agreement and made a proper claim with Defendant for damages incurred in the operation of the restaurant and which were covered by the insurance policy. Plaintiff alleges Defendant's refusal to honor the terms of its policy and its wrongful denial of Plaintiff's claim constitutes a breach of contract.

In support of Plaintiff's bad faith causes of action, Plaintiff alleges that Defendant failed and refused to pay on the claim and failed to properly investigate or timely respond to claims made by

Plaintiff pursuant to the terms of the contract in breach of the covenant of good faith and fair dealing.

**II. Motion to Dismiss Standard**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Furthermore, plausibility does not require probability, but it requires more than just the possibility that a defendant has acted unlawfully. Id.

**III. Analysis**

**A. Breach of Contract**

Under Nevada law, the plaintiff in a breach of contract action must show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. Saini v. Int'l Game Tech., 434 F.Supp.2d 913, 919-920 (D. Nev. 2006); Brown v. Kinross Gold U.S.A., Inc., 531 F.Supp.2d 1234, 1240 (D. Nev. 2008).

Plaintiff alleges that it entered into a contract with Defendant, whereby Defendant agreed to insure Plaintiff's business, including against business interruption. Plaintiff also asserts that it made a proper claim with Defendant for damages incurred in the operation of the restaurant and which were covered by the insurance policy. Furthermore, Plaintiff claims that Defendant's refusal to honor the terms of its policy and its wrongful denial of Plaintiff's claim constituted a breach of contract. Finally, Plaintiff states that as a result of the breach, it has been damaged in an amount in

excess of $10,000, together with fees, costs, interest, etc.  Therefore, Plaintiff's claim is plausible on its face.

### B. Contractual Breach of the Covenant of Good Faith and Fair Dealing

An implied covenant of good faith and fair dealing is recognized in every contract under Nevada law.  Consol. Generator-Nevada, Inc. V. Cummings Engine Co., Inc., 971 P.2d 1251, 1256 (Nev. 1998).  "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith."  Hilton Hotels Corp. v. Butch Lewis Prod., Inc., 808 P.2d 919, 923 (Nev. 1991).  "Whether the controlling party's actions fall outside the reasonable expectations of the dependant party is determined by the various factors and special circumstances that shape these expectations."  Id. at 923-924.

Plaintiff alleges that Defendant failed and refused to pay out despite the contract, and therefore breached the covenant of good faith and fair dealing.  After Defendant denied Plaintiff's first claim, Plaintiff hired an engineer to determine the cause of the sewage smell.  The engineer determined that the sewage odor smell was not a pollutant, but was the result of a construction defect in the subject premises.  Thereafter, Plaintiff provided Defendant with the engineer's report as well as a renewed claim.  Therefore, there is sufficient factual material to show that Plaintiff reasonably expected Defendant to approve Plaintiff's claim.  Accordingly, Plaintiff's claim is plausible on its face.

### C. Tortious Breach of the Covenant of Good Faith and Fair Dealing Under Common Law

Under Nevada law, an action in tort for breach of the covenant of good faith and fair dealing arises where there is a special relationship between the parties to a contract, such as the relationship between an insurer and an insured.  Ins. Co. of the West v. Gibson Tile Co., Inc., 134 P.3d 698, 702 (Nev. 2006).  An insurer breaches the duty of good faith when it refuses to compensate its insured for a loss covered by the policy without proper cause.  Pioneer Chlor Alkali, Inc., v. Nat'l Union Fire

Ins. Co. Of Pittsburg, Pa., 863 F.Supp. 1237, 1242 (D. Nev. 1994). "An insurer is without proper cause to deny a claim when it has an "actual or implied" awareness that no reasonable basis exist [sic] to deny the claim." Id. (citing Am. Excess Ins. Co. v. MGM Grand Hotels, Inc., 729 P.2d 1352, 1354 (Nev. 1986). The insurer has not breached the covenant of good faith and fair dealing if it incorrectly denies policy coverage, provided the insurer has a reasonable basis for doing so. Pioneer, 863 F.Supp. at 1242.

Plaintiff alleges in its Complaint that Defendant failed and refused to pay on the claim pursuant to the terms of the contract. Furthermore, Plaintiff alleges that it provided Defendant with Mr. O'Donnell's report, which confirmed that the sewage odor smell was not a pollutant, but rather an effect of a construction defect in the subject premises. In addition, Plaintiff filed a renewed claim with Defendant at the same time it provided Defendant with Mr. O'Donnell's report. Plaintiff pleads sufficient factual material to state a plausible claim that Defendant had an actual or implied awareness that no reasonable basis existed to deny the claim. Therefore, Plaintiff's claim is plausible on its face.

**D. Tortious Breach of the Covenant of Good Faith and Fair Dealing Under Nevada Statutory Law**

Plaintiff again alleges that Defendant failed to properly investigate or timely respond to claims made by Plaintiff. Furthermore, Plaintiff again claims that Defendant failed and refused to pay on the claim pursuant to the terms of the contract. Plaintiff claims this is a breach of the covenant of good faith and fair dealing under Nevada statutory law. Given the existence of NRS 686A.310, titled "Unfair practices in settling claims; liability of insurer for damages," Plaintiff's claim is plausible on its face.

///
///
///
///

## IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#4) is **DENIED**.

DATED this 13th day of August 2013.

_____
Kent J. Dawson
United States District Judge