UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MADDIN, INC, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED INSURANCE COMPANY OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 2:13-CV-827-KJD-NJK <br><br><br> ORDER |

Before the Court is Defendants' Motion to Strike (#48). Plaintiff opposed the motion (#52) and Defendants replied (#54). Defendants' motion (#48) relates to Plaintiff's Motion for Partial Summary Judgment (#40).

**I. Legal Standard**

Defendants cite Federal Rule of Civil Procedure 56(c)(B)(2)—the Court will assume Defendants mean Rule 56(c)(2)—which provides that a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." However, this Rule permits a party to object, not move to strike. Motions to strike are governed by Rule 12(f), which was neither cited nor applied by Defendants. Further, Rule 56 applies only to facts which "cannot" be presented in an admissible form. Rule 56(c)(2). In a motion for summary judgment it is sufficient if the substance of the evidence is admissible even if inadmissible in its current form, if the requirements of Rule 56 are met. Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir.

2001). Thus, hearsay statements for which there are obvious witnesses who could be called at trial may be properly considered by the Court. However, it is well-settled law that documentary evidence must be authenticated in order to be properly considered. See Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987). Lastly, Rule 56(c)(3) permits the Court to consider any materials in the record, even if lacking a citation. As a practical matter, while the Court may consider any materials in the record, factual assertions without reliable citations are given little if any weight.

**II. Analysis of Motion to Strike**

As a preliminary matter, although Plaintiff should be more thorough, the Court considers the business logs produced by Defendants to be sufficiently authenticated for use. However, other documentary evidence must provide some further authentication to make consideration of the evidence proper. Additionally, Defendants assert that virtually every statement "is unsupported by the facts and mischaracterizes the evidence" without any further elaboration. With the few exceptions noted below, this blanket assertion is meritless and improper. Lastly, Plaintiff's assertion of legal duties in factual statements are impotent. The law, and not Defendants' perceptions, determines Defendants' duties.

**Statements 1-6**

Each of the statements objected to are contained in Plaintiff's introduction. Defendants complain about the lack of citations, and the characterization of the evidence. These complaints are wholly frivolous; citations are routinely omitted from introductory materials, and the favorable characterization of evidence is at the heart of advocacy in the courts. Further, the Court is well aware of the nature and value of such introductory statements.

**Statement 7**

Defendants complain that Plaintiff characterizes the policy at issue as a "business interruption policy," stating that "the policy at issue is a Premier Business Owners [sic] Policy, which provides a number of coverages, one of which is loss of "business income" . . . due to a

suspension of operations." (#54). This is, at best, a distinction without a difference.

**Statement 8**

Defendants complain that Plaintiff's statement "The odor was intermittent and would be noticed at different times" is a mischaracterization and is unsupported by the evidence. Maddin stated in his deposition that the smell "was intermittent. It was one day, just a hint and the next day, eye watering; that spectrum and everything in between." (#40, Ex. 2, 51:11-13). No valid grounds for striking the statement are raised.

**Statements 9-15**

Defendants complain that Plaintiff's statements are inadmissible hearsay. While there are multiple Federal Rules of Evidence which might permit admission of the evidence in its current form, that issue is not before the Court. The form of the evidence is irrelevant, the question is whether the substance of the evidence is admissible. Defendants have failed to allege, and the Court cannot discern, any barriers to admissibility in the substance of this evidence. Further, it appears virtually certain that competent witnesses are readily available to testify regarding the logs.

**Statements 16-18**

Defendants correctly point out that the citations offered by Plaintiff for these facts are incorrect or otherwise missing. The Court will treat these statements accordingly, meaning that even if the Court chooses to consider these statements, they will be given far less weight than if substantiated by a citation.

**Statement 19**

Defendants protest as unsupported by the evidence, Plaintiff's assertion that he was trying to make claim with Defendants under the business interruption portion of the insurance policy. Defendants are free to disagree with Plaintiff's characterization of the evidence, but the record does not contradict Plaintiff's assertion.

**Statement 20-23**

3

Defendants complain that Plaintiff's statements are inadmissible hearsay. While there are multiple Federal Rules of Evidence which might permit admission of the evidence in its current form, that issue is not before the Court. The form of the evidence is irrelevant, the question is whether the substance of the evidence is admissible. Defendants have failed to allege, and the Court cannot discern, any barriers to admissibility in the substance of this evidence.

**Statement 24**

Defendants claim that this statement may not be considered by the Court because it is unauthenticated and non-self-authenticating. Defendants are correct, the Court will not consider this statement.

**Statement 25**

Defendants claim that the factual statement is in essence wrong and speculative, as well as inadmissible hearsay. Having reviewed the evidence, there are no grounds whatever to strike the statement, and again the Court is not concerned with hearsay in a motion for summary judgment.

**Statement 26**

While the weight and value of an expert's opinion can be argued, there are no grounds asserted which would justify striking this statement.

**Statement 27**

Defendant correctly points out that this fact lacks a citation. Plaintiff asserted it would submit the citation via an errata. No such errata has been filed. To the extent the Court considers this statement, it will be given decreased weight.

**Statement 28-29**

Defendants claim that these statements lack citations, are essentially wrong, are speculative, and are inadmissible as hearsay. Although the statements lack citation, they summarize other factual statements with citations, admittedly through the lens of advocacy. Further, whether the statements are hearsay is utterly irrelevant.

4

**Summary**

1. Not only are there no valid grounds asserted for striking the above statements, Defendants fail to either cite or apply Rule 12(f) which governs motions to strike.
2. Even if Defendants had objected as permitted under Rule 56(c)(2), those objections would largely be denied as meritless. Not only are the factual statements generally supported by the evidence, but Defendants' ubiquitous cry of "hearsay" is utterly irrelevant.
3. Lastly, the Court would have noticed the few missing or inaccurate citations regardless of Defendants' protestations, making these issues at best superfluous. Raising such matters in the briefing for the motion for summary judgment would be prudent. Raising them in a separate motion to strike is wasteful and legally insupportable.

**III. Conclusion**

Accordingly, the Court **HEREBY ORDERS** that as the Motion to Strike (#48) lacks any legal or factual basis, the motion is **DENIED**. However, were the Court to sua sponte construe the motion as one objecting to the above statements, the objections would also be denied as explained above.

DATED this 9th day of December 2014.

_____
Kent J. Dawson
United States District Judge