UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MADDIN, INC, | Case No. 2:13-CV-827-KJD-NJK |
| Plaintiff, | |
| v. | |
| ALLIED INSURANCE COMPANY OF AMERICA, *et al.*, | ORDER |
| Defendants. | |

Before the Court is Defendants' Motion to Strike (#49). Plaintiff opposed the motion (#53) and Defendants replied (#55). Defendants' motion (#49) relates to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (#43).

**I. Legal Standard**

Defendants cite Federal Rule of Civil Procedure 56(c)(B)(2)—the Court will assume Defendants mean Rule 56(c)(2)—which provides that a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." However, this Rule permits a party to object, not move to strike. Motions to strike are governed by Rule 12(f), which was neither cited nor applied by Defendants. Further, Rule 56 applies only to facts which "cannot" be presented in an admissible form. Rule 56(c)(2). In a motion for summary judgment it is sufficient if the substance of the evidence is admissible even if inadmissible in its current form, if the requirements of Rule 56 are met. Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir.

2001). Thus, hearsay statements for which there are obvious witnesses who could be called at trial may be properly considered by the Court. However, it is well-settled law that documentary evidence must be authenticated in order to be properly considered. See Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987). Lastly, Rule 56(c)(3) permits the Court to consider any materials in the record, even if lacking a citation. As a practical matter, while the Court may consider any materials in the record, factual assertions without reliable citations are given little if any weight.

**II. Analysis of Motion to Strike (#49)**

**Statement 1**

Defendants claim that Plaintiff's explanation of why it requested a short extension from Defendants "is in fact false." Whether or not the explanation (which is buried in a lengthy footnote) is false, it is immaterial. Defendants have no good faith grounds for seeking to have the Court strike this statement.

**Statement 2**

Defendants are upset about Plaintiff's introduction including a citation-less characterization of Defendants' assertion of defenses. However, it is common practice to omit citations from introductory statements, and characterization is at the heart of advocacy. If Defendants see matters differently, they are free to set forth their own view in their own pleadings. No grounds for striking the statement have been asserted, for the simple reason that none exist.

**Statements 3-4**

Defendants assert that this statement is unsupported by the evidence or citation. However, Statement 3 is clearly editorial rather than factual, and as explained above, uncited factual statements are given little if any weight by the Court. At bottom, there are no grounds to support striking this statement.

///

**Statement 5**

Here, Defendants complain about Maddin's passing reference to the landlord as having "no known expertise in plumbing issues." It is unclear why Defendants are bothered by this reference. Further, it is unclear that the reference is inaccurate. Nor is the Court concerned—as Defendants are—that Plaintiff failed to provide a citation demonstrating that it is unknown whether the landlord has plumbing expertise. In short, there are no grounds to strike.

**Statement 6**

Defendants assert that there is no evidence cited to support this statement. First, Plaintiff is not required, upon pain of striking the statement, to provide a citation for every fact. Such a course is wise and effective, but not required. Second, there was a citation provided that substantiates Plaintiff's statement. In short, Defendants' lack either factual or legal grounds to move to strike this statement.

**Statement 7**

This statement lacks citation. The Court will therefore give it appropriate (substantially diminished) weight. No legal or factual grounds for striking the statement are offered by Defendants.

**Statement 8, 10, and 12**

Defendants here argue that regarding an expert opinion the term "hypothesis" was used, when "conclusion" would have been more accurate. The Court will not waste its time on such immaterial semantic gymnastics. Nor does it require perjury by an expert witness for his opinion to be incorrect. No valid grounds for striking the statement have been proffered by Defendants.

**Statement 9**

Defendants are correct that this statement is unathenticated, precluding the Court from relying on it. However, no grounds for striking the statement are proffered.

**Statement 11**

Defendants are correct that this is an unsupported factual assertion. Defendants are

incorrect that this constitutes grounds for striking the document.

**Statements 13-15**

Defendants have admitted this fact in their own motion (#39). Accordingly, they have likely waived any objection to this statement of fact. However, at a minimum, no valid grounds for striking the statement have been raised.

**Statement 16**

Defendants assert that Plaintiff overstates the clarity with which it pled its Fourth Cause of Action in the First Amended Complaint by using the word "expressly." The Court refuses to grace this dross with analysis. Suffice it to say that no grounds for striking the statement are present.

**Statement 17**

As noted under the legal standards section above, it is utterly irrelevant that the records cited by Plaintiff may constitute hearsay. Further, the evidence cited clearly supports the fact asserted. Accordingly, Defendants are left without any factual or legal basis for objecting, let alone moving to strike the statement.

**Statement 18, 20, 21, 22, 24, 29, 31**

Defendants are incorrect. Defendants are objecting to the characterization of evidence, not to the evidence itself. Additionally, the evidence cited supports Plaintiff's characterization. At bottom, no grounds to strike are asserted.

**Statement 19 was not identified by Defendants**

**Statement 23, 30, 32**

Defendants are correct that this is an unsupported assertion. The Court will give this statement its proper weight. However, no valid grounds for striking the statement have been proffered.

///

///

**Statement 25**

Surprisingly, Defendants fail to assert that this statement lacks a citation. Instead, they argue that it is speculative and irrelevant. At bottom, no grounds are presented which would justify striking the statement.

**Statement 26**

Defendant here asserts that Plaintiff has mischaracterized the evidence. The Court must agree. It appears clear to the Court that Plaintiff's penchant for reinterpretation of the facts has crossed the line into misrepresentation here. The Court admonishes Plaintiff to take greater care, as future misrepresentations to the Court will be dealt with seriously. However, misrepresentation is not a ground for striking the statement.

**Statement 27**

Defendants correctly point out that this fact lacks a citation. However, Defendants' claim that Plaintiff cannot rely on the same document cited in Defendants own motion to strike falls flat. At bottom, no grounds to strike this statement are asserted.

**Statement 28**

Defendants claim that this statement may not be considered by the Court because it is unauthenticated and non-self-authenticating. Defendants are correct, the Court will not consider this statement.

**Summary**

1. Not only are there no valid grounds asserted for striking the above statements, Defendants fail to either cite or apply Rule 12(f) which governs motions to strike.
2. Even if Defendants had objected as permitted under Rule 56(c)(2), those objections would be denied as meritless. Lastly, the Court would have noticed the few missing or inaccurate citations regardless of Defendants' protestations, making these issues at best superfluous.

///

**III. Conclusion**

This is the second frivolous motion this Court has endured at Defendants' hands. The parties, and particularly Defendants, are **HEREBY** on notice that any further waste of this Court's time and attention will be met with sanctions under this Court's inherent authority and Rule 11.

Accordingly, the Court **HEREBY ORDERS** that inasmuch as the Motion to Strike (#49) lacks any legal or factual basis, the motion is **DENIED**.

DATED this 9th day of December 2014.

_____
Kent J. Dawson
United States District Judge